19-339-cr
*United States v. John Stacy*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty.

PRESENT:   DENNIS JACOBS,
                      GUIDO CALABRESI,
                      DENNY CHIN,
                                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                            *Appellee,*

                    -v-                                                              19-339-cr

JOHN STACY,

                            *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                            CARINA H. SCHOENBERGER, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:    MELISSA A. TUOHEY, Assistant Federal Public
Defender, (Lisa A. Peebles, Federal Public
Defender, *on the brief*), *for* Office of the Federal
Public Defenders, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant John Stacy appeals from a judgment of the district court entered January 24, 2019 convicting him of five counts of receipt of child pornography and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B).  Following a suppression hearing, Stacy pled guilty to all six counts pursuant to a conditional plea agreement that permitted him to appeal the suppression ruling.  Stacy now challenges the district court's denial of his motion to suppress.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On September 11, 2017, in Norwich, New York, a woman saw a man on a motorized bicycle drop a cellphone.  She picked it up and turned it over to Police Officer Alicia Woodard.  Based on Woodard's testimony at the suppression hearing, the district court determined that as soon as Woodard accessed the cellphone to identify its owner, she saw an image of a naked, prepubescent female whose genital area was

-2-

exposed. Woodard reported this image to her supervisor, Detective Sergeant Reuben

Roach, who then applied for a state warrant to search the rest of the phone.

The state warrant -- later determined by the district court to have issued

without probable cause -- was executed on September 12, 2017 by Roach, who

conducted a manual search of the phone and discovered numerous images and videos

depicting child pornography on it. The contact list displayed only one contact: John

Stacy. Stacy's name was listed under the word "ME," which matched the name

associated with the Facebook account the phone was logged into. Roach checked

Stacy's name against a sex offender database and confirmed that Stacy was registered as

a Level II sex offender in New York.

On September 14, 2017, Roach called Stacy into the Norwich City Police

Department, where he waived his *Miranda* rights, participated in a recorded interview

in which he admitted to downloading the images and videos on his phone, and was

arrested. About a week later, Roach met with Special Agent Jenelle Bringuel of the

Federal Bureau of Investigation, who then applied for a federal search warrant. The

federal warrant was issued and executed, and a forensic analysis of the phone revealed

extensive child pornography. Stacy was charged in this case.

On appeal, Stacy makes two arguments: (1) the warrantless search of his

cellphone violated the Fourth Amendment and (2) the district court erroneously held

that the good-faith exception to the exclusionary rule applied. We address these issues

in turn, reviewing the district court's "legal conclusions *de novo* and its findings of fact for clear error." *United States v. Iverson*, 897 F.3d 450, 459 (2d Cir. 2018).

### 1. Warrantless Search

The Fourth Amendment of the Constitution protects against "unreasonable searches and seizures." U.S. Const. amend. IV. Although police officers usually require a warrant to conduct a search, they may execute a limited, warrantless search of lost property to identify the owner and inventory the item(s). *Gudema v. Nassau Cty.*, 163 F.3d 717, 722 (2d Cir. 1998). Under the plain-view doctrine, police officers do not violate a defendant's Fourth Amendment rights when they "encounter[] incriminating evidence," the incriminating nature of which is "immediately apparent," as long as they have a "legitimate reason" for conducting the search. *United States v. Babilonia*, 854 F.3d 163, 180 (2d Cir. 2017) (internal quotation marks omitted).

As Stacy points out, there were inconsistent statements about whether Woodard saw an image of a naked child before she identified the phone's owner. But the district court credited Woodward's suppression hearing testimony that she saw the image as soon as she accessed the cellphone. Because we give special deference to the district court's finding of fact based on witness credibility, *see Iverson*, 897 F.3d at 459, we agree that there was no Fourth Amendment violation with respect to Woodard's initial search of the cellphone.

-4-

## 2.     *The Good-faith Exception*

Stacy contends that the evidence obtained pursuant to the state warrant and all the evidence that followed, including the evidence obtained pursuant to the federal warrant, should have been suppressed because the initial state warrant was invalid.  The fruits of a search conducted pursuant to a warrant that issued without probable cause, however, will not be suppressed if the officers reasonably relied on the warrant in good faith.  *United States v. Leon*, 468 U.S. 897, 920 (1984).  An officer's reliance on a search warrant is unreasonable where: (1) the judge who issued the warrant was purposefully misled; (2) the judge who issued the warrant "wholly abandoned his judicial role"; (3) the affidavit accompanying the warrant application is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant is so "facially deficient . . . that the executing officers cannot reasonably presume it to be valid." *Id.* at 923.  Though "most searches conducted pursuant to a warrant" fall within the good-faith exception, the government nevertheless bears the burden of demonstrating that officers were objectively reasonable in relying on an invalid warrant. *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011).

The initial state warrant issued without probable cause.  There is nothing in the record to suggest, however, that the state judge who issued the warrant was purposefully misled or "wholly abandoned his judicial role." *Leon*, 468 U.S. at 923.

Thus, as long as the government proved that Roach reasonably relied on the warrant and that the warrant was not "facially deficient" to the point where he could not presume it to be valid, the good-faith exception will apply. *Id.* The district court found that the government met this burden. We agree.

The warrant application indicated there was an image on the subject phone that was "consistent with child pornography." J. App'x at 62. Moreover, Roach testified that he related Woodard's description of the photograph to the issuing judge -- that an "approximately five-year-old female" was naked and "posing." J. App'x at 179. Roach conferred with the issuing judge several times, and the warrant issued. Under these circumstances, it was not unreasonable for Roach to have believed there was probable cause to search Stacy's phone.

Relatedly, the warrant was not "so facially deficient" that a reasonable police officer would have thought it was invalid. *Leon*, 468 U.S. at 923. The example of a facially deficient warrant provided by the *Leon* Court is one that does not "particularize the place to be searched or the things to be seized." *Id.* Here, the state warrant identified the cellphone to be searched, explained that Woodard "came across what appeared to be child pornography," and noted the type of evidence to be seized: "evidence of a crime(s) committed *against a child or children* or evidence of other unlawful act(s)." J. App'x at 67 (emphasis added). The warrant's authorization to seek "evidence of unlawful act(s)" was "not sufficiently particular with respect to the things

-6-

to be seized because it effectively granted the executing officer[] 'virtually unfettered discretion to seize anything [he saw].'" *United States v. George*, 975 F.2d 72, 75 (2d Cir. 1992) (quoting *United States v. Mankani*, 738 F.2d 538, 546 (2d Cir. 1984)). However, if an officer was "intimately familiar with the contemplated limits of the search" and never "search for, or seized, any items that were unrelated to the crimes" initially contemplated, the good-faith exception applies. *United States v. Rosa*, 626 F.3d 56, 65 (2d Cir. 2010). Nothing in the record here suggests that Roach failed to understand the intended scope of the search or searched outside its scope. And although we agree the warrant could have been more specific, it was not "facially deficient."

\* \* \*

We have considered Stacy's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-7-